```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SWINTON/WINDER,       : CIVIL NO: 1:09-CV-00128
                              :
          Petitioner          :
                              : (Judge Caldwell)
     v.                       :
                              : (Magistrate Judge Smyser)
AMY SHAULDER, et al.,         :
                              :
          Respondent          :
```

**REPORT AND RECOMMENDATION**

The petitioner, proceeding *pro se*, filed a 42 U.S.C. § 1983 action in this court on October 28, 2008. *See Swinton/Winder v. Shaulder,* 1:08-CV-01962 (M.D.Pa.). We reviewed the complaint in that case pursuant to 28 U.S.C. § 1915A and concluded that the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted. In connection with that review, we indicated that to the extent that the petitioner is seeking release from custody he must pursue that claim in a habeas corpus case, after he has exhausted state remedies, not in a 42 U.S.C. § 1983 case. By an Order in that case dated November 13, 2008, we granted the petitioner leave to file an amended complaint to properly plead, if appropriate, a 42 U.S.C. § 1983 claim upon which relief can be granted. In response, the petitioner filed an

amended complaint. In addition to filing an amended complaint, on November 25, 2008, the petitioner filed a document entitled "Petition of Writ Habeas Corpus." By a Report and Recommendation dated January 21, 2009, we concluded that the amended complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted and we recommended that that case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). By a separate order dated January 21, 2009, we directed the Clerk of Court to open a separate case and to docket the document filed by the petitioner entitled "Petition of Writ Habeas Corpus" as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That is the petition in this case.

By an Order dated February 11, 2009, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), regarding the effects of filing a § 2254 petition. We ordered that, on or before March 11, 2009, the petitioner shall inform the court whether he wishes to proceed with this case as a 28 U.S.C. § 2254 habeas case. We ordered that, if the petitioner wishes to withdraw the instant petition, he shall file a notice indicating that on or before March 11, 2009. We ordered that, if the petitioner wishes to

2

proceed with this case as a 28 U.S.C. § 2254 habeas case, he shall file a petition using the standard form on or before March 11, 2009.  We directed the Clerk of Court to send to the petitioner the standard Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody form.

The petitioner did not respond to the Order of February 11, 2009.  By an Order dated March 27, 2009, we again ordered the petitioner to elect how he intends to proceed.  We ordered the petitioner to complete and file an election form, indicating an election to have the petition construed and ruled upon under 28 U.S.C. § 2254 or to withdraw the current petition.  On April 3, 2009, the petitioner filed a completed election form indicating that chooses to have the court rule on his petition as filed under 28 U.S.C. § 2254.

Although the petitioner has elected to proceed with this case under § 2254, he has not filed a petition using the standard form as directed by the Order of February 11, 2009. Thus, we analyze the petition already filed.

The petitioner alleges that he was manipulated into waiving his *Gagnon*[1] hearing based on a promise by a parole officer that he would only receive a six-month term upon revocation of his probation. The plaintiff alleges that, in fact, the judge sentenced him to eighteen months.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued

---

1. *See Gagnon v. Scarpelli,* 411 U.S. 778 (1973). In *Gagnon,* the Supreme Court held that a probationer accused of violating the terms of his probation is entitled to two hearings before revocation and resentencing. *Id.* at 781-82. The first hearing, a *Gagnon I* hearing, is a preliminary hearing at the time of arrest and detention to determine whether probable cause exists to believe that a violation has been committed. *Commonwealth v. Heilman,* 876 A.2d 1021, 1027 (Pa.Super.Ct. 2005). The second hearing, a *Gagnon II* hearing, is a more comprehensive hearing to determine whether the probationer has in fact violated one of the conditions of his probation and, if so, whether the probationer should be recommitted to prison. *Id.* at 1027-1028.

confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).

The petitioner does not allege that he exhausted his state remedies.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

5

to relief.  We conclude that because the petitioner does not allege that he exhausted his state remedies it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

   Based on the foregoing, it is recommended that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and that the case file be closed.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  April 10, 2009.